UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THOMAS J. HOOGHE,<br>Plaintiff,<br><br>v.<br><br>TK HEALTH et al.,<br>Defendants. | Case No. 3:25-cv-00823<br><br>Chief Judge William L. Campbell, Jr.<br>Magistrate Judge Luke A. Evans |

**MEMORANDUM ORDER**

On November 13, 2026, plaintiff filed a motion for an alias summons to be served on defendant Sharon Harris (Harris). (Doc. No. 37.) The motion stems from plaintiff's inability to locate Harris for service by the United States Marshals Service (USMS).

On July 7, 2026, defendant Jerry Scott confirmed that Harris never was an employee of the Sumner County Jail and instead was an employee of defendant TK Health who stopped providing medical services for the jail on January 12, 2026. (Doc. No. 27 at 1.) Since then, however, TK Health waived service and appeared in the case. (Doc. Nos. 28–30, 32.) TK Health would be in the best position to provide a last-known address that USMS could use to attempt service.

Courts within the circuit have taken different approaches to balancing the need to make reasonable efforts to complete service of process against the sensitivity that comes with providing personal addresses to prison inmates. One court simply directed one defendant to provide a last-known address for another defendant directly to a plaintiff. *Bell v. Zuercher*, No. CIV.A. 10-72-ART, 2011 WL 5191800, at *7 (E.D. Ky. Oct. 31, 2011) (citations omitted). Another court directed a defendant with last-known address information to file that information under seal. *Feaster v. Chambers-Smith*, No. 1:22-CV-313, 2023 WL 7413002, at *3 (S.D. Ohio May 2, 2023). Two other courts directed production of last-known address information directly to USMS with an instruction

that USMS "take care to maintain those addresses in confidence, and shall not include such information in any documents provided to Plaintiff or filed in this Court." *Baldwin v. Croft*, No. 3:12 CV 1867, 2013 WL 172870, at *2 (N.D. Ohio Jan. 16, 2013) (citing *Ely v. Smith*, No. 1:07-CV-261, 2008 WL 2076651, at *2 (E.D. Tenn. May 15, 2008)).

Because the Court is not certain what information TK Health might have, the approach used in *Feaster* seems most appropriate at this time. On or before December 2, 2026, TK Health is DIRECTED to file a response to this order in the public docket confirming whether Harris remains employed with it; and, if not, whether it has a last-known address for Harris. If Harris remains employed with TK Health then TK Health must include, in its public response to this order, a current work address that USMS can use to attempt service. If Harris no longer works for TK Health then TK Health must separately file any last-known personal address for Harris under seal. Next steps in service will await further orders of the Court. Meanwhile, plaintiff has shown good cause to extend the Rule 4(m) deadline for service on Harris through January 29, 2027.

**Conclusion**

For the foregoing reasons, the Court orders as follows:

1) On or before December 2, 2026, TK Health is DIRECTED to file a response to this order in the public docket as explained above.

2) Plaintiff's motion for an alias summons (Doc. No. 37) is GRANTED IN PART to direct the response from TK Health described above and to extend the Rule 4(m) deadline for service on Harris through January 29, 2027.

It is so ORDERED.

LUKE A. EVANS
United States Magistrate Judge